**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**


REGINALD JOHNSON                                                    PLAINTIFF

V.                                                        NO. 4:14CV00168-JMV

COMMISSIONER OF SOCIAL SECURITY                             DEFENDANT


## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and Disability Insurance Benefits and Supplemental Security Income.  The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.  The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench during oral argument, the Court finds the ALJ erred by failing to consider the claimant's bilateral carpal tunnel syndrome[1] and lumbar spine impairment[2].  Additionally, the ALJ's decision fails to satisfy this Court that the ALJ adequately considered whether the claimant's impairments were medically equivalent in severity to a listed impairment.  On remand, the ALJ shall determine whether the claimant's bilateral carpal tunnel syndrome and lumbar spine problem are severe impairments.  The ALJ shall also

---

[1] *See* medical record of Dr. Neal Suares dated July 12, 2013.

[2] *See* medical record of Dr. Mohammad Ahmed dated August 15, 2012.  *See also* medical record of Dr. Timothy Beacham dated September 10, 2012.

reconsider the step 3 determination.  If the ALJ finds the claimant's impairments do not meet a listed impairment, the ALJ shall employ a medical expert and obtain an updated medical opinion on the issue of medical equivalence.  Next, if the ALJ determines the claimant's impairments neither meet nor equal a listed impairment, the ALJ shall order a consultative physical examination of the claimant and obtain from the examining physician a residual functional capacity ("RFC") assessment that contemplates all of the claimant's impairments.  The ALJ must then reconsider the claimant's RFC and determine whether during the relevant period there was any work the claimant could perform considering all limitations associated with both severe and nonsevere impairments.  The ALJ may conduct any additional proceedings that are not inconsistent with this order.

       **IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REMANDED** for further proceedings.

       This, the 1st day of July, 2015.

/s/ Jane M. Virden       
U. S. MAGISTRATE JUDGE
